Eastern District of Kentucky
FILED

JAN - 9 2008

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 08-CV-02-WOB

KEVIN SHEGOG                                                                    PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

STEVEN R. DOWELL, THEODORE KNOEBBER
   and GENE WEAVER                                        DEFENDANTS

*** *** *** *** ***

Kevin Shegog ("Shegog"), an inmate incarcerated in the Little Sandy Correctional Complex in Sandy Hook, Kentucky, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] [Dkt. 2] The Court has granted his motion for leave to proceed *in forma pauperis* [Dkt. 3] by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Shegog is appearing *pro se*, his Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Complaint are taken as true and liberally construed

---

[1] Shegog indicates that he is pursuing claims pursuant to 28 U.S.C. § 1331, presumably under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). However, because Shegog alleges that the defendants acted under color of state, rather than federal, law, such claims must be asserted pursuant to 42 U.S.C. § 1983.

in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court must dismiss a case at any time if it determines the action (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

On or about June 1, 2001, Shegog was arrested by Campbell County authorities, and was subsequently indicted by a grand jury of first degree robbery and of being a persistent felony offender. The Campbell County Circuit Court appointed defendants Dowell and Knoebber to serve as his legal counsel during his criminal proceedings. During those proceedings Dowell and Knoebber sought and obtained court permission to hire Defendant Weaver to investigate the facts relevant to the charges against Shegog.

Shegog alleges that each of the defendants failed to discover that Steven Powell, a key prosecution witness, had a prior felony conviction. Shegog further alleges that this failure substantially contributed to his conviction; violated his constitutional rights to due process, effective assistance of counsel, and to be free from cruel and unusual punishment; and constituted legal malpractice. Shegog seeks compensatory and punitive damages.

## II. DISCUSSION

A. <u>Federal Constitutional Claims</u>.

Shegog's civil rights claims fail as a matter of law for a number of reasons.

First, Shegog's constitutional claims are barred by the statute of limitations. Because

2

Section 1983 does not provide its own statute of limitations, federal courts "borrow" the most analogous statute of limitations in the state where the events giving rise to the claim occurred. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985). Because the events complained of occurred in Kentucky, Kentucky law supplies the applicable statute. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In Kentucky, the applicable statute to be borrowed for civil rights claims is the one-year statute of limitations for residual tort claims found in KRS 413.140(1)(a). *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990); *University of Kentucky Bd. of Trustees v. Hayse*, Ky., 782 S.W.2d 609, 613 (1989). The events complained of in Shegog's Complaint occurred in 2001 to 2002, nearly five years before he filed the present complaint. Absent some credible allegation for the application of some equitable tolling doctrine, Shegog's civil rights claims are plainly time-barred.

Second, Shegog may not assert civil rights claims alleging that his defense counsel was constitutionally ineffective until he has been granted at least conditional relief from his conviction on that ground. As the Sixth Circuit Court of Appeals has succinctly stated:

> In general, a state prisoner does not state a cognizable claim under §1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir.1995). ...

*Reese v. Gorcyca*, 55 Fed.Appx. 348, 350 (6th Cir. 2003). Because Shegog's ineffective

3

assistance claim would, if proven, "necessarily demonstrate the invalidity of his conviction," it must be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 486-90 (1994) (any claim that would invalidate the plaintiff's conviction does not accrue until the conviction is overturned on direct appeal or invalidated on collateral attack). His complaint must therefore be dismissed as premature. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir. 1999).

Finally, none of the named defendants acted under color of state law as required for liability to attach under Section 1983. With respect to Dowell and Knoebber, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *White v. Robertson-Deming*, 9 Fed.Appx. 418 (6th Cir. 2001); *Pearson v. Myles*, 2006 WL 1818716 (11th Cir. 2006). This is equally true for a court-appointed investigator. *Simmons v. Beinvenu*, 1996 WL 131504, *3 (10th Cir. 1996).

B.  Malpractice Claim under Kentucky Law.

Once a federal district court has dismissed all of the federal claims which provide the basis for its subject matter jurisdiction prior to trial, the court has discretion to dismiss pendent state law claims without prejudice. 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Smith v. Dearborn Financial Services*, 982 F.2d 976, 983 (6th Cir. 1993). Due respect for comity with state courts and their prerogative to decide

4

matters of state law generally counsel against the unnecessary resolution of state matters by a federal court. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997); *Wainwright v. County of Oxford*, 369 F.Supp.2d 3, 9 (D.Me. 2005). Here, the Court has dismissed all of Shegog's federal constitutional claims upon initial screening, and due respect for Kentucky courts warrants the dismissal of his state malpractice claim without prejudice under Section 1367(c).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Plaintiff's civil rights claims asserted under the Fifth, Sixth, Eighth and Fourteenth Amendments are **DISMISSED WITH PREJUDICE**. The claim for the tort of negligence under Kentucky law is **DISMISSED WITHOUT PREJUDICE.**

2. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

3. This is a **FINAL** and **APPEALABLE** order.

This 9th day of January, 2008.

*/s/ William O. Bertelsman*
**WILLIAM O. BERTELSMAN, JUDGE**